# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

KACY LEE SIGRIST                                                                        PLAINTIFF

v.                                               CIVIL ACTION NO. 5:16CV-P176-TBR

McCRACKEN CO. SHERIFF'S DEPT. *et al.*                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Kacy Lee Sigrist, a prisoner incarcerated in the McCracken County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

## I.

Plaintiff brings suit against the following Defendants: the McCracken Co. Sheriff's Dept. (MCSD); Jesse Riddell in the narcotics unit of MCSD; and Ryan Norman in the K-9 narcotics unit of MCSD.

In the complaint, Plaintiff alleges that on August 21, 2013, he and a woman named Victoria were pulled over by Defendant Riddell and other officers, who searched and arrested Victoria and released Plaintiff. He states that his mother and her fiance gave him a ride to Victoria's apartment, where "Officer Riddell was already present, he had a search conducted on my mother and her fiance as well as myself upon arrival in the driveway of her residence." Plaintiff continues, "Officer Riddell called me to the side and asked me why I was there. I told him to get my house keys to my mothers residence as well as my eye glasses. Officer Riddell looked at Ryan Norman and said to him 10-15 and I was handcuffed and brought to the Paducah

jail." He reports that he was "charged and given a bond of $1,500 wich my mother had posted." He claims, "My freedom was taken for alleged possesion of Meth and paraphernalia that I never possessed. I feel that my right to freedom was violated and I was unlawfuly charged and imprisoned." Plaintiff reports that his defense counsel helped prove his innocence in the McCracken Circuit Court and that his case was dismissed on March 11, 2014. He states that he spent approximately 54 days in jail as a result of this incident.

As relief, Plaintiff seeks compensatory and punitive damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay*

*Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 397).

Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff alleges that he was arrested on August 21, 2013, and that his case was dismissed on March 11, 2014. The statute of limitations, therefore, began to run, at the latest, on March 11, 2014, and ended one-year later on March 11, 2015. Because Plaintiff did not file his complaint until over a year and half later on October 27, 2016,[1] his action is untimely and will be dismissed as frivolous. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.005

---

[1] The complaint form was dated October 19, 2016, but not signed by Plaintiff. In response to a notice of deficiency, Plaintiff later returned a signed signature page, but there is no indication on what date that page was signed. Nevertheless, someone on behalf of Plaintiff certified that Plaintiff's complaint was delivered to the prisoner mail system for mailing on October 27, 2016. Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). For the purposes of initial review of the complaint, the Court will use October 27, 2016, as the filing date.